IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| KIM D. MACK, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| v. | )   No. 05-2864 M1/An |
| | ) |
| BEHAVIORAL SERVICES OF TENNESSEE, INC., | ) |
| and BEHAVIORAL SERVICES OF TENNESSEE, | ) |
| | ) |
|    DEFENDANTS. | ) |

_____

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO LIMIT DAMAGES
_____

COMES NOW the Defendant, by and through the undersigned counsel, and files its Brief in Support of Defendant's Motion to Limit Damages. In support thereof, the Defendant would show this Court the following:

**I.**

**BACKGROUND**

This is an action pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended ("Title VII"). Plaintiff seeks compensatory damages in the amount of $750,000 and in punitive damages in the amount of $3,000,000 for her termination in August, 2004. *See*, Complaint, <u>Request for Relief</u>. Plaintiff only alleges violations of Title VII in her Complaint. *See*, Complaint ¶¶ 18-19.

**II.**

**LAW & ARGUMENT**

Initially, Title VII did not provide for the award of compensatory and punitive damages. The Civil Rights Act of 1991, 42 U.S.C. §1981a, later amended Title VII to allow for such awards; however, Congress placed limitations on the amount of such damages based on the number of employees in an organization. These limitations provide in pertinent part:

> (3) *Limitations* ó The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party ó
>
> (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000; . . .

42 U.S.C. §1981a(b)(3). The Sixth Circuit ruled that the caps under 42 U.S.C. §1981a apply to each party in an action, not to each claim. Hudson v. Reno, 130 F.3d 1193, ___, 75 FEP Cases 1011, 1015 (6th Cir. 1997).

At all times relevant to this lawsuit, Defendant employed fewer than 100 employees. *See*, Affidavit of Carlos Gonzalez (attached as Exhibit No. 1). Therefore, any award of compensatory and punitive damages under Title VII should be limited to $50,000. Even though Plaintiff alleges violations of Title VII on the basis of both race and gender, the Sixth Circuit held the caps are per party, not per claim; therefore, Plaintiff would not be entitled to an additional award under Title VII. *See*, Hudson v. Reno, 130 F.3d at ___, 75 FEP Cases at 1015. Further, this District has ordered that such damages be limited in a similar case. *See*, Foster v. Nissan Liftrucks of Memphis, Inc., Docket No. 98-2440 G/A (attached as Exhibit 2).

**III.**

**CONCLUSION**

For all of the above reasons, the Defendant prays this Court enter an Order limiting any award of compensatory and punitive damages under Title VII to $50,000.

>Respectfully submitted,
>
>s/W. Kerby Bowling II
>
>W. Kerby Bowling II, Tennessee Bar No. 9363
>BOWLING & BOWLING
>7936 Players Forest
>Memphis, TN 38119
>(901) 761-3440
>kbowling@bbalaw.net
>
>
>s/Charles W. Cavagnaro, Jr.
>Charles W. Cavagnaro, Jr., Tennessee Bar No. 17917
>BOWLING & BOWLING
>7936 Players Forest
>Memphis, TN 38119
>(901) 761-3440
>ccavagnaro@bbalaw.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by electronic means via the Courtøs electronic filing system, to Plaintifføs counsel, Mitchell G. Tollison.

>s/Charles W. Cavagnaro, Jr.